UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DANIEL DELL, individually and on behalf of all others similarly situated, and as a proxy of the State of California on behalf of aggrieved employees,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SERVICEMASTER GLOBAL HOLDINGS, INC.,<br><br>　　　　　Defendant. | Case No: C 15-3326 SBA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>Dkt. 15 |

This is a putative wage and hour class action initially filed in state court by Plaintiff Daniel Dell ("Plaintiff") against his former employer, Defendant ServiceMaster Global Holdings, Inc. ("Defendant"). On behalf of himself and similarly situated employees, Plaintiff alleges claims for, inter alia, violations of the California Labor Code, as well as a claim under the California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Labor Code § 2698. Defendant removed the action under the federal diversity statute, 28 U.S.C. § 1332(a), and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The parties are presently before the Court on Plaintiff's Motion to Remand. Dkt. 15. Having read and considered the papers filed in connection with this matter and being fully informed, the Court hereby GRANTS the motion for the reasons set forth below and remands the action to state court.[1]

---

[1] . The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I. BACKGROUND

Plaintiff was previously employed by Defendant as a Termite Inspector ("Inspector"). Compl. ¶ 1, Dkt. 1-2. According to Plaintiff, Defendants failed to pay him and other Inspectors the specified commissions for their work. Id. ¶ 3. Plaintiff further claims, inter alia, that Defendant failed to pay them on time or maintain accurate records of their commission sales.

On April 29, 2015, Plaintiff filed the instant action in Alameda County Superior Court, alleging nine causes of action for: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) unjust enrichment; (4) failure to pay for all hours worked in violation of California Labor Code §§ 201, 202, 204, 221-223; (5) failure to keep accurate records in violation of Labor Code §§ 1174 & 1174.5; (6) failure to furnish accurate wage statements in violation of Labor Code § 226; (7) waiting time penalties under Labor Code §§ 201-203; (8) unfair competition and unlawful business practices in violation of California Business and Professions Code § 17200; and (9) statutory penalties under PAGA. As relief, Plaintiff seeks recovery of unpaid compensation, damages, statutory penalties, interest, attorneys' fees and costs.

Plaintiff brings the first eight causes of action as "class claims" on behalf of himself and "all other similarly situated individuals who have worked as Inspectors for Defendant in California" and who were paid in accordance with Defendant's commission-based compensation plans. Id. ¶ 6. As for the ninth cause of action, Plaintiff asserts such claim as "a proxy for the State of California for other aggrieved employees for penalties under the PAGA." Id. ¶ 8. PAGA allows an "aggrieved employee" to file suit "on behalf of himself or herself and other current or former employees" when the Labor and Workforce Development Agency declines to investigate or issue a citation for an alleged Labor Code violation. Cal. Lab. Code § 2699(a); Urbino v. Orkin Services of Cal., Inc., 726 F.3d 1118, 1121 (9th Cir. 2013). Unlike a class claim, a PAGA representative claim is brought on behalf of the state, not class members. See Baumann v. Chase Investment Servs. Corp.,

747 F.3d 1117, 1124 (9th Cir. 2014) ("A PAGA action is at heart a civil enforcement action filed on behalf of and for the benefit of the state, not a claim for class relief.").[2]

On July 17, 2015, Defendant removed the action to this Court. Defendant first alleges that there is complete diversity between Plaintiff and Defendant, and that the amount in controversy exceeds $75,000. Not. of Removal. at 4, 9, Dkt. 1. Defendant values Plaintiff's individual claims at $17,710 and projects his future attorneys' fees to be $75,000, for a total of $92,710 as the amount in controversy. Id. at 9. Alternatively, Defendant alleges that federal jurisdiction is present under CAFA in that the class contains more than 100 members and the amount in controversy exceeds $5 million. Id. at 10-11. Defendant claims that the amount in controversy is $6,408,187.50, which is based on $5,126,550 as the value of the class claims, plus $1,281,637.50 in projected attorneys' fees as to the class claims.[3] Id. at 16.

Plaintiff now moves to remand the action on the grounds that Defendant has failed to carry its burden of proving that the amount in controversy necessary for removal has been satisfied. Defendant timely filed an opposition to the motion.[4] The matter is fully briefed and is ripe for adjudication.

## II. **LEGAL STANDARD**

A motion for remand is the proper procedure for challenging a removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal

---

[2] Under PAGA, a representative plaintiff may seek penalties in the sum of one hundred dollars ($100) per aggrieved employee, per pay period, for an initial Labor Code violation, and two hundred dollars ($200) for each subsequent violation per aggrieved employee, per pay period. Cal. Lab. Code § 2699(f)(2). If an employee successfully recovers an award of civil penalties, PAGA mandates that 75 percent of the recovery be paid to the Labor and Workforce Development Agency, leaving the remaining 25 percent as recovery for the employee. Id. § 2699(i); see Urbino, 726 F.3d at 1121.

[3] Defendant presumes that Plaintiff's attorneys' fees will be based on 25% of the damage award (i.e., $5,526,550 x 25% = $1,281,637.50). Not. of Removal at 15-16.

[4] Without leave of Court, Defendant filed a nineteen-page opposition brief, which exceeds the fifteen-page limit set forth in the Court's Standing Orders. Although the Court is within its authority to disregard Defendant's non-compliant opposition, it will consider the arguments set forth therein to expedite resolution of the instant motion.

procedure.  See 28 U.S.C. § 1447(c).  "[R]emoval statutes are strictly construed against removal."  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  "The presumption against removal means that the defendant always has the burden of establishing that removal is proper."  Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).  Any doubts regarding the propriety of the removal favor remanding the case.  See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## III. DISCUSSION

### A. FEDERAL DIVERSITY STATUTE

The diversity jurisdiction statute confers jurisdiction in cases where the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.  28 U.S.C. § 1332(a).  The amount in controversy is determined by the amount of damages or the value of the property that is the subject matter of the action.  Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 433 (1977).  The defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold.  Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004).  Like the removal statute, the diversity jurisdiction statute is strictly construed and any doubts are resolved against finding jurisdiction.  Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).

In its Notice of Removal, Defendant estimates that the total amount in controversy as to Plaintiff's individual claims is $92,710.  See Not. of Removal at 9.  Of that amount, $75,000 is attributable to future attorneys' fees.  Although the Ninth Circuit has not yet reached the issue, the majority of district courts within this Circuit—including this Court—have concluded that attorneys' fees that are "anticipated but unaccrued at the time of removal are not properly in controversy for jurisdictional purposes."  Reames v. AB Car Rental Servs., Inc., 899 F. Supp. 2d 1012, 1019 (D. Or. 2012); accord Jimenez v. Menzies Aviation, Inc., No. C 10-3477 SBA, 2013 WL 1411228, *2 (N.D. Cal., Apr. 8, 2013).  As such, Defendant's inclusion of $75,000 in future attorney's fees for purposes of calculating the amount in controversy is improper.  Because the amount in controversy as to Plaintiff's

individual claims has not been shown to exceed $75,000, the Court finds that Defendant has failed to carry its burden of demonstrating the presence of diversity jurisdiction under 28 U.S.C. § 1332(a).

### B. CAFA

CAFA provides that district courts have original jurisdiction over any class action in which (1) the amount in controversy exceeds $5 million; (2) any plaintiff class member is a citizen of a state different from any defendant; and (3) the number of plaintiffs in the putative class is at least 100.  28 U.S.C. § 1332(d).  A "defendant in a jurisdictional dispute has the burden to put forward evidence showing that the amount in controversy exceeds $5 million, to satisfy other requirements of CAFA, and to persuade the court that the estimate of damages in controversy is a reasonable one."  Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015).  The defendant must make this showing based on a preponderance of the evidence.  Rodriguez v. AT&T Mobility Servs., LLC, 728 F.3d 975, 981 (9th Cir. 2013).  The amount in controversy is determined by the class claims. Yocupicio v. PAE Grp., LLC, 795 F.3d 1057, 1060 (9th Cir. 2015).  PAGA claims cannot be aggregated with class claims to satisfy the jurisdictional amount required under CAFA. Id.; Baumann v. Chase Inv. Servs. Corp., 747 F.3d 1117, 1122 (9th Cir. 2014) (same).

The parties do not dispute that the second and third requirements of CAFA are met; the sole point of contention is whether the amount in controversy exceeds $5 million. According to Defendant, the amount in controversy is $6,408,187.50.  The flaw in this argument is that Defendant inappropriately relies on PAGA penalties to reach CAFA's $5 million threshold.  Among other claims, Plaintiff alleges violations of Labor Code § 204 for failing to timely pay employees for hours worked, and violations of Labor Code §§ 221 through 223 for improperly withholding and deducting wages.  Compl. ¶¶ 69-70. Defendant alleges that the remedy for a violation of Labor Code § 204 is determined by reference to § 210(a)(2), which, in this case, results in a penalty of $917,700.  Not. of Removal at 6.  Similarly, Defendant avers that the penalties for violations of Labor Code §§ 221 through 223 are determined by reference to § 225.5, which results in a separate

penalty of $917,700. Id. at 14.  However, both penalties are attributable to Plaintiff's representative claim under PAGA, see Cal. Lab. Code §§ 210(b), 225.5, and therefore cannot be included in Defendant's CAFA calculation of the amount in controversy, see Yocupicio, 795 F.3d at 1060.  Removing both penalties from Defendant's CAFA calculation leaves only $4,572,787.50 in controversy (i.e., $6,408,187.50 – ($917,700.00 + $917,700.00) = $4,572,787.50).

Defendant does not dispute Plaintiff's assertion that the Notice of Removal includes penalties available under PAGA as part of the overall amount alleged in controversy, and, that under Yocupicio, it is generally inappropriate to do so.  Rather, Defendant argues that Yocupio is inapposite on the grounds that Plaintiff allegedly is bringing his PAGA claim on a class basis and that the class claims incorporate PAGA penalties.  This contention lacks merit. In Paragraph 36 of the Complaint, Plaintiff clearly states that "[he] brings the PAGA Cause of Act as a law enforcement action, *not* as a class action."  Compl. ¶ 36 (emphasis added).  The Ninth Circuit has held that this type of disclaimer is "fatal" to any claim that a PAGA representative claim could be deemed a class claim.  Yocupicio, 795 F.3d at 1060 n.7 ("the fact that Yocupicio expressly did not seek class status for [the PAGA] claim is 'fatal to CAFA jurisdiction' over it.").  Defendant's contention also mischaracterizes the pleadings.  The paragraphs of the Complaint cited by Defendant merely state that Plaintiff, on behalf of the class, seeks the recovery of damages and "penalties."  Opp'n at 7-8 (citing Compl. ¶¶ 74, 79, 80, 88, 89).[5]  However, the Labor Code sections that form the basis of Plaintiff's class claims already include non-PAGA statutory penalties as a remedy.  See Cal. Lab. Code §§ 210, 225.5, 1174.5.  As such, the mere reference in the Complaint to

---

[5] By way of example, Paragraph 74, which is part of the Fourth Cause of Action for Failure to Keep Accurate Payroll Records, alleges that Plaintiff, on behalf of himself and the class, "seeks all unpaid compensation, damages, penalties, interest and attorneys' fees and costs, recoverable under applicable law set forth below."  Compl. ¶ 74.

"penalties" does not, as Defendant insists, necessarily establish that Plaintiff is seeking PAGA penalties on a class basis.[6]

The Court concludes that Defendant has failed to carry its burden of demonstrating by a preponderance of the evidence that at least $5 million is in controversy. Jurisdiction under CAFA, therefore, has not been established.

## IV. CONCLUSION

For the reasons set forth above,

IT IS HEREBY ORDERED THAT, pursuant to 28 U.S.C. § 1447(c), Plaintiff's Motion to Remand is GRANTED. The instant action is REMANDED to the Alameda County Superior Court. The Clerk shall mail a certified copy of this Order to the clerk of that court. The Clerk shall close the file and terminate all pending matters.

IT IS SO ORDERED.

Dated: 11/5/15

SAUNDRA BROWN ARMSTRONG
Senior United States District Judge

---

[6] Plaintiff also challenges Defendant's inclusion of $122,500 in penalties under Labor Code § 1174.5 for failure to maintain payroll records, as required by § 1170. Not. of Removal at 14. The parties disagree whether the $500 penalty under § 1174.5 may be imposed only once against an employer or may be recoverable by each class member. Neither party cites any decisional authority directly on point. The Court need not reach this issue, however. Even if the $122,500 amount is legitimately part of the amount in controversy, the CAFA $5 million minimum has not been satisfied.